UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAX H. HOSEIT,

Plaintiff,

v.

SHAMEKA BATTE,

Defendant.

No. 2:15-cv-2449 MCE GGH PS

FINDINGS AND RECOMMENDATIONS

This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21). It was removed from state court on November 24, 2015 by defendant, purportedly based on federal question and/or diversity jurisdiction. Nevertheless, a district court has "a duty to establish subject matter jurisdiction over [a] removed action sua sponte, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004); see also Kelton Arms Condominium Assoc., Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Because subject matter jurisdiction may not be waived by the parties, a district court must remand a case if it lacks jurisdiction over the matter. Kelton Arms Condominium Owners Ass'n, Inc., 346 F.3d at 1192 (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). Having reviewed the notice of removal, the court finds that the

action should be remanded to state court due to lack of subject matter jurisdiction.

Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir. 1994), *overruled on other grounds by* Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 979 (9th Cir. 2012).

A plaintiff may bring suit in federal court if his claim "arises under" federal law. 28 U.S.C. § 1331. In that situation, the court has original jurisdiction. A state court defendant cannot invoke the federal court's original jurisdiction. But he may in some instances invoke the court's removal jurisdiction. The requirements to invoke removal jurisdiction are often identical to those for invoking its original jurisdiction. The requirements for both relate to the same end, that is, federal jurisdiction.

Removal of a state court action is proper only if it originally could have been filed in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983). Mere reference to federal law is insufficient to permit removal. See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction"). Also, defenses and counterclaims cannot provide a sufficient basis to remove an action to federal court. See Vaden v. Discover Bank, 556 U.S. 49, 60, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009); Berg v. Leason, 32 F.3d 422, 426 (9th Cir.1994); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821–22 (9th Cir.1985); FIA Card Servs. v. McComas, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010) (remanding action removed by defendant on the basis that defendant's counterclaim raised a federal question).

Here, the exhibits attached to the removal petition establish that the state court action is nothing more than a simple unlawful detainer action, and is titled as such. (See ECF No. 1, at p. 10.) Defendant's removal petition asserts "eviction after foreclosure and/or rental lease and ejectment," and alleges federal jurisdiction based on violation of equal protection and due process rights. (ECF No. 1 at 2.) It separately asserts diversity jurisdiction based on an amount in controversy in excess of $75,000. (Id. at 3.) Such conclusory averments do not establish federal question or diversity jurisdiction, especially since the complaint and supporting exhibits contain no mention of a federal question, and the facts do not support diversity jurisdiction. Plaintiff, the apparent owner of the subject real property in Sacramento County, California, filed suit in the Sacramento County Superior Court on August 25, 2015, seeking to evict defendant from the property. (Id. at 10.) This court has no jurisdiction over unlawful detainer actions, which are brought pursuant to state law and fall strictly within the province of the state court.

Furthermore, while defendant may seek to raise counterclaims based on federal law in response to plaintiff's unlawful detainer claim, any counterclaim based on federal law must generally be raised in the state court action and does not provide a basis for removal. "[A] federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction." Id. In other words, federal question jurisdiction under 28 U.S.C. § 1331 cannot "rest upon an actual or anticipated counterclaim." Id.; see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002) ("[T]he well-pleaded complaint rule, properly understood, [does not] allo[w] a counterclaim to serve as the basis for a district court's 'arising under' jurisdiction."); Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 10–11, n. 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) ("The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction."). Accordingly, based on defendant's removal filing, federal question jurisdiction is not present in this case.

Additionally, defendant does not show that removal is proper on the basis of diversity jurisdiction. In her notice of removal, defendant implies, based on her residence, that she is a citizen of California. (See ECF No. 1 at 7, 8.) Therefore, defendant cannot remove the action

from a California state court on the basis of diversity jurisdiction. See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.") (emphasis added); Local Union 598, Plumbers & Pipefitters Industry Journeymen & Apprentices Training Fund v. J.A. Jones Const. Co., 846 F.2d 1213, 1215 (9th Cir.1988) ("[F]or diversity removal to be proper, none of the defendants may be a citizen of the state in which the action is brought.") (citing 28 U.S.C. § 1441(b)).

Moreover, even assuming the parties are from different states, and defendant is not a citizen of California, for diversity jurisdiction the amount in controversy must exceed $75,000. Defendant does not assert that the amount in controversy exceeds $75,000 in this case. Even if she made such a claim, she is informed that the measure of damages is limited to the amount sought in the complaint, not the value of the property. Signet Doman, LLC v. Sam Aintablian, 2012 WL 5512388 (C.D. Cal. Nov. 14, 2012). Here, the complaint seeks possession of the subject property in which defendant is alleged to be residing under a month to month tenancy in the amount of $1,400 per month. The complaint seeks damages in an unspecified amount that does not exceed $10,000. (See ECF No. 1, at p. 10.) These requested damages do not satisfy the amount in controversy requirement.

Defendant has not provided a sufficient basis to remove the action to federal court. Based on the aforementioned analysis, the court finds that remand is appropriate, because there is no subject matter jurisdiction.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. The action be remanded to Sacramento County Superior Court;

2. The Clerk be directed to serve a certified copy of this order on the Clerk of the Sacramento County Superior Court, and reference the state case number (15UD05811) in the proof of service; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen

(14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 3, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Hoseit2449.rem